IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

**UNDER SEAL**

| | ) | |
|---|---|---|
| IN RE SEIZURE WARRANT | ) | Case No.  1:23sw 459 |
| | ) | |

GOVERNMENT'S MOTION TO UNSEAL
WARRANT APPLICATION AND AFFIDAVIT

On August 10, 2023, United States Magistrate John F. Anderson granted the motion of the United States to seal the warrant application and affidavit in support of that application in this matter.

Sealing should be narrowly tailored to balance the values furthered by sealing (including the protection of ongoing criminal investigations) against the values furthered by unsealing (including the enhancement of the public's ability to evaluate the performance of the investigators). *Baltimore Sun v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989).  There is no longer a compelling government interest in sealing the entirety of the warrant application and affidavit in this case because the investigations with respect to which this warrant was issued have been resolved.  As a result, the United States now moves for the unsealing of the application and most of the supporting affidavit in this matter.

Certain facts described in the affidavit identify sources of information and investigative tactics used in this investigation.  These facts should remain under seal because their disclosure would reveal the identity of source(s) and particular investigative techniques that are still in use in related investigations.  Accordingly, we have provided as Exhibit 1 to this motion the sealed affidavit, highlighted to identify those portions which should remain sealed after release of a

redacted version of the affidavit. Exhibit 2 to this motion is the redacted version of affidavit that should be unsealed.[1]

The right of access to the affidavits is committed to the sound discretion of the Court that sealed them in the first place. *Washington Post Co. v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). In its sound discretion, the Court granted our motions to seal the affidavit for the reasons apparent from the affidavit itself; it is well within the Court's discretion to order the unsealing of a redacted version of the affidavit on the basis of changed circumstances.

Under *Baltimore Sun*, the Court may deny access when sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 504-05 (1984) (*Press-Enterprise I*); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir.1986). In so doing, it is equally clear that the Court must consider alternatives to sealing the documents. *See Press-Enterprise I*, 464 U.S. at 501; *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir.1984). In *Baltimore Sun*, the Fourth Circuit noted that this process "ordinarily involved giving access to a redacted version." *Id.* at 67.

<<

<<

<<

<<

---

[1] Attachment D to the underlying affidavit, from August 10, 2023 (hereafter referenced as "the August 10th Affidavit") is an affidavit made on March 10, 2022 ("the March 10th Affidavit"), by United States Secret Service Special Agent Gabriel J. Cazares. While the March 10th Affidavit itself was initially filed under seal, a redacted version of the March 10th Affidavit was ordered unsealed by U.S. Magistrate Judge Davis on May 14, 2024. Accordingly, the version of the August 10, 2023 affidavit that should be unsealed pursuant to *this* motion (included as Exhibit B) includes at Attachment D the redacted version of the March 10th Affidavit that previously was unsealed by Judge Davis on May 14th.

For these reasons, the Court should unseal the application in support of the warrant in this case, as well as the redacted version of the supporting affidavit included with this motion as Exhibit 2.

                                                          Respectfully submitted,

                                                          Jessica D. Aber
                                                          United States Attorney

By:    _/s/ Gordon D. Kromberg_

                                                          Gordon D. Kromberg
                                                          Assistant United States Attorney
                                                          Virginia Bar No. 33676
                                                          Attorney for the United States
                                                          2100 Jamieson Avenue
                                                          Alexandria, VA  22314
                                                          (703) 299-3700
                                                          (703) 837.8242 (fax)
                                                          gordon.kromberg@usdoj.gov